## Com'lth ex rel. Fernberger, Appellant, *v.* Butterworth.

| 160 | 55 |
| e203 | 31 |

*Corporations—Acceptance of constitution by accepting benefit of future legislation—Cumulative voting—Quo warranto—Act of May 20, 1891.*

Where the charter of a corporation granted prior to the constitution of 1874 provided that salaried officers should not be elected directors, the fact that after the passage of the act of May 20, 1891, P. L. 101, which permitted such election, salaried officers were elected directors, does not make the corporation subject to the provision of the constitution of 1874, relating to cumulative voting.

Submitted Jan. 26, 1894. Appeal, No. 18, Jan. T., 1894, by Commonwealth ex rel. Henry Fernberger, from order of C. P. No. 4, Phila. Co., March T., 1893, No. 189, discharging rule to show cause why writ of quo warranto against James Butterworth should not be granted. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Petition for quo warranto.

From the petition and answer it appeared that at a meeting of the stockholders of the Fire Association of Philadelphia, the relator cumulated his votes, thereby giving him the highest

number cast for the position of director. Thirteen directors were to be elected, and a ticket containing thirteen names, not including the relator's, received a smaller number of votes, James Butterworth being the lowest.

The Fire Association of Philadelphia was incorporated by various acts of assembly, all prior in date to the adoption of the constitution of 1874. By its original charter no salaried officer was eligible to the position of director, but whether this had been changed by the supplements was disputed. On May 20, 1891, an act was passed authorizing salaried officers of private or business corporations to serve as directors. On Jan. 8, 1892, the Fire Association elected as directors two who had been salaried officers the previous year, and who, the answer averred, " were afterwards elected to salaried offices," by the directors, on the same day. Relator claimed that the action of the association involved an acceptance of the constitution of 1874, so as to give him the privilege of cumulating his votes under art. 16, § 4.

Rule for writ discharged. The relator thereupon appealed.

*Error assigned* was above order.

*James W. M. Newlin,* for appellant, cited : Acts of March 27, 1820, P. L. 108 ; April 3, 1833, § 18, P. L. 124 ; May 5, 1871, P. L. 572 ; Baker's Ap., 109 Pa. 461 ; Gloninger v. R. R., 139 Pa. 24 ; Hays v. Com., 82 Pa. 523 ; Art. 16, §§ 2, 4, Const. 1874 ; Acts of April 29, 1874, § 26, P. L. 73 ; May 15, 1874, P. L. 188 ; March 30, 1875, P. L. 37 ; April 17, 1876, § 6, P. L. 33 ; May 25, 1878, P. L. 145 ; April 8, 1861, P. L. 259 ; June 4, 1879, P. L. 91 ; May 24, 1881, P. L. 27 ; May 21, 1881, § 3, P. L. 29 ; April 4, 1868, P. L. 62.

*John G. Johnson, Isaac S. Sharp* with him, for appellee, cited : Acts of March 31, 1860, P. L. 400 ; May 20, 1891, P. L. 101 ; March 27, 1820, P. L. 108 ; May 5, 1871, P. L. 572 ; Baker's Ap., 109 Pa. 461.

PER CURIAM, February 26, 1894 :

On presentation of the suggestion in this case the defendant was ruled to show cause why a writ of quo warranto should not be issued against him as therein prayed for, etc. The case hav-

ing been heard on the suggestion and defendant's answer, the rule was discharged, and thereupon this certiorari was issued.

An examination of the record has satisfied us that the case was rightly disposed of by the court of common pleas. Its judgment is therefore affirmed; and it is ordered that the relator, Henry Fernberger, pay the costs.